WESTERN UNION TELEGRAPH CO. *v.* C. D. CLARKE ET AL.

TELEGRAPH COMPANIES. *Message. Penalty. Code* 1892, ¿ 4326.

    If a message be transmitted by a telegraph company with such substantial accuracy as to perform its office and effect its purpose, a departure from the exact terms used, resulting in no harm, will not subject the company to the penalty of $25 imposed by ¿ 4326, code 1892, for failing " to transmit correctly."

FROM the circuit court of Lee county.

HON. NEWNAN CAYCE, Judge.

This was an action by C. D. Clarke, and Clarke & Clarke for the use of C. D. Clarke, against the Western Union Telegraph Company, to recover the statutory penalty for failure to correctly transmit two messages and for the charges paid

for their transmission. Both messages were sent from the office of defendant in Tupelo, Miss.—the one directed to J. D. Fontaine, Pontotoc, Miss., signed Clarke & Clarke, and the other directed to W. F. Clarke, Blue Springs, Miss., and signed C. D. Clarke. Both messages were transmitted and delivered in due time, but, as delivered, the first was signed Clarke, Hood & Co., and the other, as delivered, was signed N. D. Clarke. C. D. Clarke and W. F. Clarke composed the law firm of Clarke & Clarke in Tupelo, and Clarke, Hood & Co. was a well-known mercantile firm in that town. It was admitted that no pecuniary damage or injury was caused by the incorrect transmission of either message. The first message—the one to Fontaine—was merely an inquiry. He received the message promptly, and answered it by letter, directed to Clarke, Hood & Co., which was promptly received, and by them turned over to Clarke & Clarke.

It was not claimed by W. F. Clarke that he was in any way misled by the error in the signature of the telegram from C. D. Clarke as delivered. Clarke & Clarke verbally transferred to C. D. Clarke their claim for damages, and C. D. Clarke brought this action, as above stated, to recover the statutory penalty of twenty-five dollars in each case, and for the cost of transmission.

The case was tried, by consent, before the court without a jury, and the court, being of the opinion that it was not necessary to show any damage resulting to plaintiff from an incorrect transmission, gave judgment for the plaintiff, and the defendant appeals.

Section 4326, code 1892, is as follows: "If any telegraph or telephone company shall receive any message or matter for transmission, and shall fail, neglect or refuse, without good and sufficient reason, to transmit correctly and deliver the same within a reasonable time to the person addressed, such person, or the person injured, shall be entitled to recover of the company in default the sum of twenty-five dollars, in addition to damages for any injury."

*Sykes & Bristow*, for appellant.

It was necessary for the plaintiff to show some damages before he could recover the penalty. In the statute, the penalty is explicitly stated to be in addition to the damages for any injury. If there be no injury, there is nothing to add the penalty to. The court, in this case, cannot presume damages, for it is agreed that there was no pecuniary injury suffered, and it is settled that mental anguish forms no ground for recovery. Since plaintiff admitted that he had suffered no damages, however trivial, the case of *Telegraph Co.* v. *Allen*, 66 Miss., 549, does not apply.

The message accomplished the purpose of the sender. Penal laws are not intended for traps. A citizen cannot speculate on such laws, especially where he admits that he has not been injured in the slightest degree.

*Mayes & Harris*, on the same side.

It is not claimed that either message was not fully understood. There must be something more than a mere failure to comply with the absolute letter of the law. The legislature, in enacting the statute, meant more than a violation of the letter of the statute. A mere change of a letter or a verbal change, causing no injury, should not be noticed. *De minimis non curat lex.*

*Clarke & Clarke* and *W. D. Anderson*, for appellees.

Section 4326, code 1892, is a re-enactment of the act of 1886, with the addition of the words "transmit correctly," a change due to the decision of this court in *Wilkins* v. *Telegraph Co.*, 68 Miss., 6, which held that the former statute applied only to delays. To meet the exigency, the code inserted the requirement that the messages must be transmitted correctly. There is no dispute about the facts. One message, as delivered, was signed Clarke, Hood & Co. instead of Clarke & Clarke; the other was signed N. D. Clarke instead of C. D. Clarke. Clearly, there was incorrect transmission.

The contention that plaintiff must show that he sustained pecuniary injury, and that the penalty is given in addition to damages for such injury, is set at rest by *Telegraph Co.* v. *Allen,* 66 Miss., 549.

CAMPBELL, C. J., delivered the opinion of the court.

Section 4326 of the code of 1892, in embracing the requirement to " transmit correctly," as well as deliver messages in a reasonable time, did not intend to impose a penalty for a departure from the exact terms of the message, where no harm was done and the message was transmitted with such substantial accuracy as to perform its office and effect its purpose. If the message transmitted and delivered must be a reproduction *verbatim et literatim et punctuatim* of that written to be sent or the penalty denounced by the section may be recovered, the statute is needlessly severe. No interest requires such nicety, and it may be justly assumed that the legislature had in view not only " reasonable time " for delivery, but reasonable conformity to the terms of the message, so as to present it to the sendee in such terms as to effect the purpose for which it is sent. Where harm results, damage accrues, and the statutory penalty is given; but where, as in this case, no harm was done, an inadvertent departure from the letter of the message does not incur the penalty. The legislature must have meant to require to transmit correctly in substance, not mere form. It had regard to the thought, and not the mere symbols of the message. Otherwise, any departure would subject to the penalty, which would be unreasonable. Can it be supposed that for changing my signature or address from Campbell to Camel or Campel or Cambelle or Cawmel, according to the form of writing it sometimes met with, in a message sent by me or to me, and promptly delivered and accomplishing its purpose and doing no harm, the penalty would be incurred ? To so hold would impute to the legislature a spirit of injustice and cruelty that would seriously reflect on its attempt to legislate in this mat-

ter for the public interest. To limit the operation of the section as we do, is to secure all by it that will subserve the interest of the public, which is the object of the law.

The plaintiff was not entitled to recover the penalties or the cost of the messages, which were transmitted and accomplished their purpose.

*Reversed, and remanded for a new trial.*